UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JORDAN KYLE WILLIAMS,

                    Plaintiff,                    Case No. 1:16-cv-1120

v.                                      Honorable Robert Holmes Bell

UNKNOWN PARTY #1 et al.,

                    Defendants.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff presently is incarcerated with the Michigan Department of Corrections at the Gus Harrison Correctional Facility, though the conduct about which he complains occurred while he was housed at the Ionia County Jail (ICJ).  He sues two unknown ICJ officials (Unknown Party #1 and Unknown Party #2).

Plaintiff alleges that between September 8, 2015 and November 3, 2015, while he was incarcerated at ICJ, Defendants opened an outgoing letter he was sending, in violation of jail policy.  (Compl., ECF No. 1, PageID.3.)  He complains that an unknown and unidentified party thereafter faxed a copy of his letter to his parole officer.  The letter subsequently was used against Plaintiff "in a case,"  which resulted in his current incarceration.[1]  The letter also was used to continue his next parole consideration for 24 months.  Plaintiff asserts that, had the unknown Defendants not opened his mail outside of his presence, as required by prison policy, he would not now be incarcerated.  For relief, he seeks compensatory damages of $1.5 million.

**Discussion**

I.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While

---

[1]It appears that the letter could not have been used in a criminal case, as Petitioner was last convicted of an offense on October 21, 2014.  *See* Mich. Offender Tracking and Information System, http://mdocweb.state.mi.us/otis2/ otis2profile.aspx?mdocNumber=819422 (last visited Oct. 11, 2016) (showing Plaintiff's active sentences, all of which were  imposed following guilty pleas: 10 months to 2 years for unlawful use of a motor vehicle, imposed on October 21, 2014; 9 months to 2 years for fleeing and eluding a police officer and 18 months to 4 years for resisting arrest, imposed on May 27, 2014).  As a consequence, the Court assumes that Petitioner intends to allege that the letter was used against him in a parole revocation proceeding.

a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges that the unknown Defendants violated his rights under prison policy by opening his outgoing mail.  Defendants' alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation.  *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest).  Section 1983 is addressed to remedying violations of federal law, not state law.  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

Moreover, to the extent that Plaintiff seeks damages for being convicted of a parole violation on the basis of an unlawful search of his outgoing mail, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Claims which challenge the revocation of parole are not cognizable under § 1983 until the parole revocation "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir.1995).  The principles espoused in *Heck* have been applied to § 1983 actions like petitioner's, challenging state parole revocation proceedings in the absence of a previous decision by a state or federal tribunal declaring the parole revocation invalid.  *See Littles v. Board of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995) (per curiam); *Lovett v. Kinkela*, No. 98-3894, 1999 WL 644323, at *1 (6th Cir. Aug. 16, 1999); *Corsetti v. McGinnis*, No. 95-2061, 1996 WL 543684, at *1 (6th Cir. Sept. 24,

- 4 -

1996).  Plaintiff has not demonstrated the invalidity of his parole revocation by either a state or federal habeas corpus decision.  Therefore, Plaintiff fails to present a cognizable federal claim.

Finally, to the extent that Plaintiff challenges the parole board's decision to deny him parole and to continue his next parole eligibility for 24 months, Plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole.  There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence.  *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release.  *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987).  Rather, a liberty interest is present only if state law entitles an inmate to release on parole.  *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole.  The Sixth Circuit reiterated the continuing validity of *Sweeton* in *Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011).  In *Crump*, the court held that the adoption of specific parole guidelines since *Sweeton* does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole.  *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003).  In addition, the Sixth Circuit has rejected the argument that the Due Process Clause is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge.  *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010).  Finally, the Michigan Supreme

- 5 -

Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Until Plaintiff has served his maximum sentence, he has no reasonable expectation of liberty.  The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained."  *Greenholtz*, 442 U.S. at 11.  The Michigan Parole Board's failure or refusal to consider Plaintiff for parole, therefore, implicates no federal right.  In the absence of a liberty interest, Plaintiff fails to state a claim for a violation of his procedural due process rights.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: <u>October 11, 2016</u>                    /s/ Robert Holmes Bell_____
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE